**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, New York 10166
212-801-9200
*Attorneys for Defendant*
*J.P. Morgan Chase Bank N.A.,*
*improperly named as*
*JP Morgan Chase, N.A.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURRY SHACK, CORP. d/b/a KURRY PAVILION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE, N.A.,<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Document filed electronically |

**PLEASE TAKE NOTICE** that Defendant J.P. Morgan Chase Bank N.A., improperly named as JP Morgan Chase, N.A. ("Chase"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, New York County, where it is currently pending, to the United States District Court for the Southern District of New York. As set forth below, this Court has original subject matter jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441(b). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Counsel for Plaintiff, and filed with the Clerk of the Supreme Court of the State of New York, New York County, as an exhibit to the Notice of Filing of Notice of Removal that is filed with the Supreme Court of the State of New York, New York County in this action.

In support of this removal, Chase states as follows:

1. On September 14, 2017, Plaintiff commenced this action by filing a Complaint in the Supreme Court of the State of New York, New York County, Index No. 655864/2017 (the "State Court Action"). A true and correct copy of the Summons (Exhibit A), Complaint (Exhibit B) and Proof of Service (Exhibit C) in the State Court Action. Within the meaning and intent of 28 U.S.C. § 1446, the documents contained in Exhibits A through C constitute all process, pleadings filed to date in the State Court Action.

2. According to the Proof of Service filed in the State Court Action, Chase was allegedly served with the Summons and Complaint on September 19, 2017.

3. This case is removable to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original subject matter jurisdiction over this case because it is a case between a citizen of a State and citizens or subjects of a foreign state in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

A. **The Diversity of Citizenship Requirement is Satisfied**

4. Plaintiff alleges it is a corporation established organized and existing under the laws of the State of New York. Comp., ¶ 1. Accordingly, for purposes of 28 U.S.C. § 1332(a)(1), Plaintiff is a citizen of the State of New York.

5. JPMorgan Chase Bank, N.A. is a national banking association and has designated Columbus, Ohio, as the location of its main office in its articles of association. Therefore, pursuant to 28 U.S.C. § 1348, *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), and *OneWest Bank, N.A. v. Melina*, 827 F.3d 214 (2d Cir. 2016), and for purposes of 28 U.S.C. § 1332(a) and Local Civil Rule 81.1, JPMorgan Chase Bank, N.A. is a citizen of the State of Ohio.

6. Given the foregoing, there is complete diversity of citizenship between the parties in that Plaintiff is a citizen of New York and Chase is a citizen of Ohio.

**B. The Amount in Controversy Requirement is Satisfied**

7. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Compl., ¶ 5 ("The matter in controversy in these claims exceeds the sum of $75,000, exclusive of interest or costs."). Accordingly, the jurisdictional amount in 28 U.S.C. § 1332(a)(1) is satisfied in this case.

**C. The Other Prerequisites for Removal Have Been Satisfied**

8. In addition to satisfying the requirements of diversity jurisdiction, Chase has satisfied all other requirements for removal.

9. This Notice of Removal is timely filed because it has been filed within thirty days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

10. Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending" which is the Supreme Court of the State of New York, New York County. 28 U.S.C. § 1441(a).

11. In accordance with 28 U.S.C. § 1446(d), Chase will promptly serve a copy of this Notice of Removal on Plaintiffs' counsel, and will file a Notice of Filing this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, in the State Court Action.

**RESERVATION OF ALL RIGHTS AND DEFENSES**

12. By filing this Notice of Removal, Chase does not waive any defenses that may be available to it, and reserves all such defenses, including, but not limited to, defenses based upon lack of service of process, or improper or inadequate service of process. In addition, Chase does

not concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any kind or nature.

**WHEREFORE**, Chase hereby removes this action, which was previously pending in the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated:  October 16, 2017

>Respectfully submitted,
>
>**GREENBERG TRAURIG, LLP**
>200 Park Avenue
>New York, New York 10166
>212-801-9200
>
>s/ Aaron Van Nostrand
>   Aaron Van Nostrand, Esq.
>
>*Attorneys for Defendant*
>*J.P. Morgan Chase Bank N.A., improperly*
>*named as JP Morgan Chase, N.A.*